HONORABLE BARBARA J. ROTHSTEIN

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SA MUSIC, LLC, WILLIAM KOLBERT, AS TRUSTEE OF THE HAROLD ARLEN TRUST, RAY HENDERSON MUSIC CO., INC., FOUR JAYS MUSIC COMPANY and JULIA RIVA,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES LLC,, PICKWICK INTERNATIONAL LIMITED, PICKWICK GROUP LIMITED, PICKWICK AUSTRALIA PTY LTD., and MASTERCORP PTY. LTD.,<br><br>Defendants. | Case No.: 2:20-CV-0579-BJR<br><br>**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS** |

This matter comes before the Court on a partial Motion to Dismiss filed by Defendants Amazon.com, Inc., and Amazon Digital Services LLC ("Amazon"), seeking dismissal of one theory of liability that Plaintiffs SA Music, LLC, *et al.* ("Plaintiffs") have asserted in support of their copyright claim. Plaintiffs have claimed that Amazon, which owns a digital music store, has infringed a large number of Plaintiffs' musical composition copyrights by, among other alleged actions not at issue in this motion, "making available" allegedly pirated copies of sound recordings of those compositions.

This case is nearly identical to three other lawsuits, filed against Amazon by many of the same Plaintiffs in this case, and consolidated before U.S. Magistrate Judge Brian A. Tsuchida of this Western District of Washington. *See SA Music, LLC, et al. v. Amazon.com, Inc., et al.*, No. 2:20-cv-00105-BAT; *Ray Henderson Music Co., Inc. v. Amazon.com, Inc., et al.*, No. 2:20-cv-00106-BAT; *Four Jays Music Co., et al. v. Amazon.com, Inc., et al.*, No. 2:20-cv-00107-BAT. Those three lawsuits involve several defendants not named in this case, and concern different collections of musical compositions, but otherwise involve the same plaintiffs, and assert essentially the same copyright infringement claims against Amazon as those made here.

In sum, Plaintiffs in this case (as in the others) claim they are the legal and/or beneficial copyright owners of some of the most recognizable musical compositions in the American songbook, including songs authored by Harold Arlen (*e.g.* "Over the Rainbow," "Stormy Weather"), Ray Henderson (*e.g.* "Bye Bye Blackbird," "Has Anybody Seen My Girl?"), and Harry Warren (*e.g.* "Chattanooga Choo Choo," "I Only Have Eyes for You"). *See* Compl., ¶¶ 2-5. The Complaint alleges that Defendants Pickwick International, Pickwick Group Limited, and Pickwick Australia ("Pickwick") made unauthorized—that is, pirated—copies of duly licensed recordings of these compositions, and that Amazon has been distributing and selling those pirated copies. In particular, Plaintiffs allege that Amazon has infringed their copyrights to these compositions by making the pirated sound recordings available, and/or by reproducing, distributing, and/or importing them, through Amazon's digital music channels, without Plaintiffs' authorization. Compl., ¶ 99.

The instant motion concerns only Plaintiffs' allegation that Amazon has unlawfully "made available" the pirated recordings, and does not concern Plaintiffs' claims that Amazon infringed their rights by, for example, distributing or selling those recordings. Compl., ¶¶ 120-24. Amazon

argues, exactly as it did in the three Judge Tsuchida cases referenced above, that merely "making available" the allegedly pirated recordings—regardless of whether anyone purchased those recordings—is not a right granted exclusively by the Copyright Act, and thus not one Plaintiffs may properly assert here. Instead, Amazon argues, distribution—which *is* an exclusive right recognized in copyright—requires an actual dissemination "by sale or other transfer of ownership, or by rental, lease, or lending." *See* 17 U.S.C. § 106(3). Merely "making available" the works on its website is not, Amazon argues, a sale or transfer of ownership.

In granting Amazon's identical motions to dismiss, Magistrate Judge Tsuchida considered and ruled on all of the arguments and allegations made in the motion now before this Court. *See* Order Granting Motions to Dismiss, *SA Music, LLC, et al. v. Amazon.com, Inc., et al.,* No. 2:20-cv-00105-BAT, Dkt. 44 (W.D. Wash. June 12, 2020); *Ray Henderson Music Co., Inc. v. Amazon.com, Inc., et al.*, No. 2:20-cv-00106-BAT, Dkt. 40 (W.D. Wash. June 12, 2020); *Four Jays Music Co., et al. v. Amazon.com, Inc., et al.*, No. 2:20-cv-00107-BAT, Dkt. 41 (W.D. Wash. June 12, 2020) ("Order Granting Motions to Dismiss"). Neither party here has shown that those cases are materially distinct in any way.[1] Plaintiffs' only argument *vis-à-vis* the Tsuchida cases is that Judge Tsuchida's ruling was incorrect.

The Court disagrees. Those cases are thoroughly considered and correctly decided. Indeed, Magistrate Judge Tsuchida provided thoughtful and extensive reasoning for his ruling in the 14-page Order Granting Motions to Dismiss; in an Order Denying Motions for Reconsideration; and in an Order Denying Motion for Certification of Interlocutory Appeal, reviewing and rejecting

---

[1] Plaintiffs in this case do claim a factual distinction between this case and those before Judge Tsuchida, claiming that unlike those cases, "the Amended Complaint in this action, also alleges Amazon made Plaintiffs' works available to the public to be streamed, at will, for free, without any condition of payment." Opp. Br. at 20 (citing Compl., ¶¶ 107-14, 123-30). Plaintiffs fail to explain how this distinction should affect this Court's analysis on the "making available" theory, particularly where the Complaint states a separate theory of liability based upon promotional streaming, which is not at issue in this motion to dismiss.

multiple times each of the same arguments Plaintiffs have made here. More particularly, Judge Tsuchida conducted a thorough survey of authority touching on the purported "making available" right, and concluded that in the context presented here, the Copyright Act does not recognize an exclusive right to "make available" in the absence of "actual dissemination" of a recording, and that such right therefore cannot be asserted in an infringement claim. *See, e.g.*, Order Granting Motions to Dismiss at 8-9 (rejecting analogy to library lending, which does not require payment before a distribution occurs); 9-12 (reviewing Ninth Circuit cases requiring "actual distribution" to establish infringement); 12-14 (rejecting comparison to "publication," which is governed by a distinct provision in the Copyright Act, which in fact establishes the right of "offering to distribute," 17 U.S.C. § 101).

Therefore, adopting the reasoned analysis set out in the these orders, the Court holds that "distribution of a copyrighted work under § 106(3) requires 'actual dissemination' of the copyrighted work and, in the context of a digital music store, actual dissemination means the transfer (or download) of a file containing the copyrighted work from one computer to another." Order Granting Motions to Dismiss at 14. The "making available" theory of liability is hereby dismissed.

Dated this 25th of January, 2021.

Barbara Jacobs Rothstein
U.S. District Court Judge